UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
                                                            :
In the Matter of the Petition of MDM    :        **MEMORANDUM & ORDER**
MARINA CORP., d/b/a Bayside Marina, as  :
Owner of the 26 Foot Motor Launch       :        13-cv-597 (ENV) (VMS)
Registration number NY1113KS, for       :
Exoneration from or Limitation of Liability :
                                                            :
----------------------------------------------------------- x

**Scanlon, Vera M., United States Magistrate Judge:**

Claimant Elizabeth Cera ("Ms. Cera" or "Claimant") brings this motion pursuant to Federal Rule of Civil Procedure ("FRCP") 37(a) to compel Petitioner MDM Marina Corp. ("MDM" or "Petitioner") to produce witness statements taken by MDM's insurance carrier, Great American Insurance Company. Claimant also alleges that MDM failed to provide an adequate privilege log, in violation of FRCP 26(b)(5). For the reasons stated herein, Claimant's motion is granted in part and denied in part.

**I.    BACKGROUND**

The following facts are provided for background purposes only. MDM, doing business under the name Bayside Marina, indeed operates a marina in Bayside, New York. Compl. ¶ 2, Feb. 1, 2013, ECF No. 1. Claimant Ivan Dall ("Mr. Dall") rents from MDM an offshore mooring for his sailboat. Id. ¶ 6. On or about July 5, 2012, Ms. Cera visited Bayside Marina as a guest of Mr. Dall and spent time on his sailboat. Id. ¶ 7; Aff. of Richard T. Resnick ("Resnick Aff."), Ex. A, Nov. 25, 2013, ECF No. 20-1. Ms. Cera was allegedly seriously injured after boarding a motor launch,[1] owned by MDM, from Mr. Dall's sailboat. Compl. ¶ 7; Answer and Claim on Behalf of Elizabeth Cera ¶ 7, Mar. 31, 2013, ECF No. 9.

---

[1] The motor launch is a vessel MDM used to transport boaters between the marina's dock and their off-shore moorings. Compl. ¶¶ 2-3.

1

On August 1, 2012, Ms. Cera's counsel sent to MDM a letter stating that Ms. Cera sustained serious injuries "as a result of [MDM's] negligence" and instructing MDM to forward the letter to its insurance carrier, which MDM did. Resnick Aff. ¶ 5, Ex. A. Thus, on August 2, 2012, Mr. Richard Resnick ("Mr. Resnick"), a claims specialist at Great American Insurance Company, received the letter and learned of Ms. Cera's allegations. Id. ¶ 5, Ex. A. Mr. Resnick stated, in a sworn affidavit submitted in opposition to Claimant's motion, that he decided to obtain witness statements to assist in future litigation that he believed was likely to occur. Id. ¶ 6. As he explained,

> Based upon my initial review of the case and conversations with my insured (and the fact that claimant Cera had already retained counsel)[,] I determined that there was a strong likelihood that this matter would be litigated, particularly since there appeared to be no sound basis for liability against my insured. As a result, I set out to obtain statements from possible witnesses, including, Ivan Dall and an employee of my insured, Eric Pesa. Both of these statements were taken in anticipation of likely litigation inasmuch as the statements would be useful to the attorneys I would ultimately retain to represent my insured in this matter. Further, it should be noted that the attorneys retained to represent MDM ultimately filed an action for exoneration from or limitation of liability . . . . Based upon my experience in maritime claims and litigation, an action of this sort is filed proactively by the vessel owner and not by the claimant. Such an action is beneficial to an owner of a vessel and was known by me to be a likely course of action at the time I set out to take the statements of Dall and Pesa.

Resnick Aff. ¶ 6.

On August 23, 2012, Mr. Resnick obtained a witness statement by telephone from Mr. Dall. Cera Letter Br. ("Cera Br.") Ex. 1 at 3, Nov. 14, 2013, ECF No. 19. On December 4, 2012, he obtained a witness statement by telephone from Mr. Erica Pesa ("Mr. Pesa"), MDM's employee. Id.; Resnick Aff. ¶ 6. Mr. Resnick swore that "[i]t is not the policy of Great American Insurance Company to take a statement with respect to every claim of which it is made

aware. This course of action was taken by me in this case purely in anticipation of likely litigation." Resnick Aff. ¶ 7.

MDM brought this action, pursuant to 46 U.S.C. §§ 30501 et seq., for exoneration from or limitation of liability concerning Ms. Cera's alleged injuries. Compl. ¶¶ 8-13. The Parties are now in the midst of discovery. MDM, in its responses to Ms. Cera's discovery requests, acknowledged the existence of Mr. Dall's and Mr. Pesa's witness statements, but MDM refused production on the basis that these statements were "taken in anticipation of litigation." Cera Br. Ex. 1 at 2, Ex. 2 at 2. Claimant moves this Court to compel production of the witness statements. See Cera Br.

**II.    LEGAL ANALYSIS**

The work-product privilege, codified at FRCP 26(b)(3), provides that,

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. Proc. 26(b)(3)(A); see In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002, 318 F.3d 379, 383 (2d Cir. 2003).

The party asserting the work-product privilege "bears the heavy burden of establishing its applicability." In re Grand Jury Subpoena Dated July 6, 2005, 510 F.3d 180, 183 (2d Cir. 2007). The privilege includes both opinion work product, such as an attorney's mental impressions or legal theories, and fact work product, such as factual investigation results. See In re Grand Jury

Subpoena Dated July 6, 2005, 510 F.3d at 183; see also Fed. R. Civ. Proc. 26(b)(3)(B) (codifying protection for opinion work product).

When assessing whether a document was prepared in anticipation of litigation, courts consider "if 'in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'" United States v. Adlman, 134 F.3d 1194, 1202 (2d Cir. 1998) (quoting Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, 8 Federal Practice & Procedure § 2024 at 343 (1994)). Even where the document "might also help in preparation for litigation," it will not be protected by the work-product doctrine if it was "prepared in the ordinary course of business" or "would have been created in essentially similar form irrespective of the litigation." Adlman, 134 F.3d at 1202; see Allied Irish Banks v. Bank of Am., N.A., 240 F.R.D. 96, 107 (S.D.N.Y. 2007) (finding no work-product privilege where moving party failed "to provide a witness to attest to the question of what [the party] 'would have' done had there been no threat of litigation").

As many courts in this Circuit have recognized, determining whether documents prepared by an insurance company were prepared in anticipation of litigation is necessarily a fact-specific inquiry because it is part of an insurance company's everyday business to investigate claims that may later be litigated. See, e.g., Gov't Employees Ins. Co. v. Saco, No. 12 Civ. 5633 (NGG) (MDG), 2013 WL 5502871, at *2 (E.D.N.Y. Oct. 2, 2013); Safeco Ins. Co. of Am. v. M.E.S., Inc., No. 09 Civ. 3312 (ARR) (VMS), 2013 WL 1680684, at *5 (E.D.N.Y. Apr. 17, 2013); Koppel v. United Nat'l Ins. Co., Inc., No. 08 Civ. 1965 (NG), 2008 WL 5111288, at *1 (E.D.N.Y. Nov. 26, 2008); Romann v. Allianz Ins. Co., No. 01 Civ. 8236 (LTS) (KNF), 2002 WL 31740601, at *3 (S.D.N.Y. Dec. 6, 2002). Courts do not follow any per se rule in making

this factual inquiry. See Safeco Ins. Co. of Am., 2013 WL 1680684, at *5.[2] In addition, courts are cautious "not to hold that documents are protected from discovery simply because of a party's 'ritualistic incantation' that all documents created by insurers are made in preparation for litigation.'" Id. (quoting Weber v. Paduano, No. 02 Civ. 3392 (GEL), 2003 WL 161340, at *4 (S.D.N.Y. Jan. 22, 2003)) (quotations omitted).

Once a party establishes that its document is protected by the work-product privilege, the burden shifts to the party seeking discovery to prove that discovery is warranted. If a document constitutes fact work product, it is not discoverable absent a showing of "substantial need"; in contrast, opinion work product is not discoverable absent a "highly persuasive showing" of need. In re Grand Jury Proceedings, 219 F.3d 175, 190-91 (2d. Cir. 2000); see United States v. Ghavami, 882 F. Supp. 2d 532, 540 (S.D.N.Y. 2012) (opinion work product "is entitled to virtually absolute protection").

"Courts in this Circuit have found that 'substantial need' and 'undue hardship' do not exist where the information sought can be obtained through depositions or other discovery methods." Gov't Employees Ins. Co., 2013 WL 5502871, at *2 (listing cases). Nevertheless, even when a witness is available for deposition, a litigant may be able to establish substantial need for his or her prior statement when that statement was made shortly after the incident at issue, see Hamilton v. Great Lakes Dredge & Dock Co., No. 05 Civ. 3862 (DGT), 2006 WL

---

[2] Some courts have utilized a presumption that requires the production of documents created before the insurer declines coverage, but that presumption may be rebutted with evidence concerning the insurer's anticipation of litigation. See Koppel, 2008 WL 5111288, at *2 (finding defendant failed to meet its burden when it was unclear whether the decision to disclaim coverage had been made prior to the creation of claim reports); but see Romann, 2002 WL 31740601, at *4 (declining to find that documents were prepared in anticipation of litigation where insurer continued to accept information from claimant to investigate the claim after insurer declined coverage; in addition, noting that insurer's actions were substantially similar before and after receiving a letter from claimant's counsel). The Parties have not presented any argument that the rebuttable presumption is relevant in this case.

5

2086026, at *2 (E.D.N.Y. July 25, 2006) (denying discovery when witness statements were not made immediately following accident), or when there are serious and substantiated concerns with the witness's credibility, see Johnson v. Bryco Arms, No. 03 Civ. 2582 (JBW), 2005 WL 469612, at *5-6 (E.D.N.Y. Mar. 1, 2005) (requiring production of witness statement based on credibility issues).

In this case, Claimant argues that Mr. Dall's and Mr. Pesa's statements are not protected by the work-product privilege because they, allegedly, "only contain factual matters and do not contain the thought process of an attorney or other representative." Cera Br. 2. Claimant asserts that MDM has not met its burden of proof that the statements were created outside the ordinary course of its insurer's business. Id. at 3. In addition, Claimant alleges that MDM has forfeited any privilege by failing to produce an adequate privilege log. Id. at 2-3.

In response, MDM offers Mr. Resnick's sworn affidavit as proof that the witness statements were prepared in anticipation of litigation. Resnick Aff.; see MDM Letter Br. ("MDM Br."), Nov. 25, 2013, ECF No. 20. MDM contends that Claimant has not made a showing of substantial need sufficient to overcome the work-product privilege because the statements were not contemporaneous to the incident and the two witnesses will be deposed in this case. MDM Br. 2-3.

This Court must first determine whether MDM has met its burden to establish that the witness statements are protected by the work-product doctrine. If MDM meets this burden, then Claimant must prove that she has a substantial need for the documents. See In re Grand Jury Proceedings, 219 F.3d at 190-91. Contrary to Claimant's argument that factual statements cannot be privileged, see Cera Br. 2, it is well-settled that the protections of the work-product doctrine include both fact and opinion work-product. See In re Grand Jury Subpoena Dated July

6

6, 2005, 510 F.3d at 183. The cases Claimant relies on for this point do not state otherwise. See Smith v. County of Nassau, No. 10 Civ. 4874 (MKB) (ETB), 2013 WL 3893380, at *1 (E.D.N.Y. July 24, 2013) (summary of witness statements was not work-product where it was not a communication to an attorney and it was relevant to the claims and defenses); Johnson, 2005 WL 469612, at *5-6 (witness statement was not privileged when obtained by investigator acting separately from attorneys and, in any event, the plaintiff demonstrated a substantial need for the statement).

The main support for MDM's opposition is Mr. Resnick's sworn affidavit. In Hamilton, 2006 WL 2086026, a case relied on by both Parties, see Cera Br. 3; MDM Br. 3, the court found persuasive the affidavit of the defendant's claim manager which stated that witness interviews were obtained in anticipation of litigation. Hamilton, 2006 WL 2086026, at *1. The court in Hamilton noted that "Plaintiff offers no contrary evidence or any reason to doubt the accuracy of the [claim manager's] affidavit." Id. Likewise, MDM has met its burden in this case based on Mr. Resnick's affidavit. Mr. Resnick stated that it was not the insurer's policy to obtain witness statements for every claim, but he decided to obtain the witness statements in order to assist the attorneys that he would eventually retain. Resnick Aff. ¶¶ 6-7. He based his decision on his review of the case, conversations with MDM, the fact that Ms. Cera had already retained counsel, his opinion as to MDM's liability, and his opinion that because this was a maritime claim, the vessel's owner was likely to proactively file an action for exoneration. Id. ¶ 6. Importantly, he stated that he decided to obtain the two statements "purely in anticipation of likely litigation." Id. ¶ 7. (emphasis added). As in Hamilton, Claimant offers no evidence to dispute Mr. Resnick's sworn testimony, and the Court has no reason to doubt his credibility.

Thus, MDM has met its burden of establishing that the witness statements are privileged work-product.

Although MDM does not dispute that it failed to submit an adequate privilege log, see Cera Br. 3; MDM Br., Claimant's requested denial of work-product privilege on this basis alone is not warranted. The decision whether to deny privilege for a failure to provide a privilege log is within the Court's discretion. See Johnson, 2005 WL 469612, at *4 (citing United States v. Constr. Prod. Research, Inc., 73. F.3d 464, 474 (2d Cir. 1996), for the proposition that the privilege "may" be denied for failure to comport with FRCP 26(b)(5)). It is not clear from the record whether MDM served any privilege log, but it raised the issue of privilege in its discovery responses. See Cera Br. Exs. 1-2. MDM later provided the information required by FRCP 26(b)(5) through Mr. Resnick's affidavit. Given the dearth of evidence weighing against a finding of privilege, this Court declines to withhold the privilege based solely on MDM's alleged violation of FRCP 26(b)(5). Nevertheless, Claimant is entitled to receive a privilege log. If MDM has in fact not produced a privilege log, MDM is ordered to, on or before January 2, 2014, serve on the other Parties a privilege log that includes the withheld witness statements.

As MDM has met its burden of establishing that the work-product privilege applies, Claimant cannot prevail unless she proves a "substantial need" for the witness statements. See Gov't Employees Ins. Co., 2013 WL 5502871, at *2. In her brief, Claimant makes no argument concerning her substantial need for these documents. See Cera Br. Moreover, where the witnesses are available and will be deposed, and given that their statements were not contemporaneous to the incident, see MDM Br. 3, there are significant hurdles to Claimant's proving substantial need. See Gov't Employees Ins. Co., 2013 WL 5502871, at *2; Hamilton, 2006 WL 2086026, at *2. In these circumstances, there is no basis to find that Claimant has met

her burden. Nevertheless, it is possible that, as discovery progresses, a substantial need for the witness statements could arise. Therefore, Claimant's motion to compel production is denied without prejudice.

### III. CONCLUSION

For the reasons stated above, Claimant's motion to compel discovery is granted in part and denied in part. Claimant's motion to compel discovery of the two witness statements is denied without prejudice. Claimant's motion is granted to the limited extent that MDM must serve its privilege log, if it has not done so already, on or before January 3, 2014.

**SO ORDERED.**

Dated: Brooklyn, New York
December 18, 2013

/s/
VERA M. SCANLON
United States Magistrate Judge